No. 2016-1620

_____

# United States Court of Appeals
## FOR THE FEDERAL CIRCUIT

_____

MAX SOUND CORPORATION

Plaintiff-Appellant,

v.

GOOGLE INC.; YOUTUBE, LLC; and
ON2 TECHNOLOGIES, INC.

Defendants-Appellees,

VEDANTI SYSTEMS LIMITED,

Defendant.

_____

Appeal from the United States District Court for the
Northern District of California, Case No. 5:14-cv-04412-EJD

_____

**APPELLEES' MOTION FOR JUDICIAL NOTICE,
TO DISMISS, AND FOR SANCTIONS**

_____

Stefani E. Shanberg
Jennifer J. Schmidt
Robin L. Brewer
Michael J. Guo
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California  94105
(415) 947-2000

Heidi L. Keefe
COOLEY LLP
Five Palo Alto Square
Palo Alto, California  94306
(650) 843-5000

Attorneys for Defendants-Appellees
GOOGLE INC.; YOUTUBE, LLC; and
ON2 TECHNOLOGIES, INC.

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 1

ARGUMENT ..................................................................................................... 2

    A.    The Attached Exhibits Should Be Judicially Noticed. ......................... 2

    B.    This Appeal Must Be Dismissed as Moot. ........................................... 4

    C.    Max Sound's Continued Pursuit of This Appeal Is Frivolous. ............ 6

CONCLUSION .................................................................................................. 7

FEDERAL CIRCUIT RULE 27(a)(5) STATEMENT ........................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216 (Fed. Cir. 2001) ............................................................................................................3

*City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278 (2001)......................3

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ......................3

*Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495 (Fed. Cir. 1997).............................3

*Genentech, Inc. v. U.S. Int'l Trade Comm'n*, 122 F.3d 1409 (Fed. Cir. 1997) ............................................................................................................4

*Nasatka v. Delta Sci. Corp.*, 58 F.3d 1578 (Fed. Cir. 1995) ........................4, 5, 6, 7

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1994) ................................................3

*Sys. Div., Inc. v. Teknek, LLC*, 298 Fed. App'x 950 (Fed. Cir. 2008)..............5, 6, 7

*Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102 (N.D. Cal. 2003) ............................................................................................................3

## RULES

Fed. Cir. R. 27(a)(5)................................................................................................2

Fed. R. App. P. 38............................................................................................6, 7

Fed. R. Evid. 201 .......................................................................................2, 3, 4

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff-Appellant Max Sound Corporation | Max Sound |
| Defendant Vedanti Systems Limited | Vedanti |
| Patent Owner Vedanti Licensing Limited | VLL |
| Defendants-Appellees Google Inc.; YouTube, LLC; and On2 Technologies, collectively | Defendants |
| U.S. Patent No. 7,974,339 | '339 patent or asserted patent |
| Corrected Brief for Appellant, Document No. 18 | Brief |
| Declaration of Stefani E. Shanberg in Support of Appellees' Motion for Judicial Notice, to Dismiss, and for Sanctions, filed concurrently herewith | Shanberg Decl. |

## INTRODUCTION

By Max Sound's own admission, this appeal is moot.  Through a recent deal with the patent owner, Max Sound claims to have eliminated all issues regarding standing.  Accordingly, no relief that this Court can provide will make any difference to the legal interests of the parties.  Yet, Max Sound refuses to voluntarily dismiss the appeal.  As a result, Defendants are forced to file the present motion to request dismissal and fees and costs.

## BACKGROUND

By this appeal, Max Sound seeks reversal of the district court's order granting Defendants' motion to dismiss for lack of standing to sue for infringement of the '339 patent.  *See* Brief at 1, 51.  At the time this appeal was filed, Vedanti was the owner of the '339 patent.  *See id.* at 2.  That is no longer true.  Vedanti has since transferred ownership of the '339 patent to VLL.  *See* Shanberg Decl., Exs. A at 2, B at 1.  Max Sound and VLL then entered into an agreement by which they claim to have become co-owners of the '339 patent and to have agreed to file patent infringement actions as co-plaintiffs.  *See* Shanberg Decl., Exs. C, D, E.

Subsequently, Max Sound publicly declared that the appeal is moot:  "[T]his eliminates all issues with standing and should the appeal not rule in our favor, Vedanti will join us in refiling [sic] a new case in the Northern district.  Should it go in our favor, Vedanti will simply join us if we win the appeal, which is going to

1

be heard on January 9th 2017." *See* Shanberg Decl., Ex. E at 2.

In accordance with Fed. Cir. R. 27(a)(5), Defendants requested that Max Sound voluntarily dismiss the appeal due to mootness, and cautioned that Defendants would seek fees if it did not. *See* Shanberg Decl., Ex. F. Max Sound refused to dismiss the appeal. *See* Shanberg Decl., Ex. G.

## ARGUMENT

### A.     The Attached Exhibits Should Be Judicially Noticed.

Under Federal Rule of Evidence 201, the Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the Court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The Court may take judicial notice at any stage of the proceeding. *See* Fed. R. Evid. 201(d). Defendants request that the Court take judicial notice of the following documents:

**Exhibits A and B**: Exhibit A is the assignment of the '339 patent from Vedanti to VLL, and Exhibit B is an updated mandatory notice filed in an inter partes review of the '339 patent. *See* Shanberg Decl., ¶¶ 3-4. These documents are not subject to reasonable dispute since they were filed by former patent owner Vedanti and/or current patent owner VLL at the U.S. Patent and Trademark Office as part of the public record relating to ownership of the '339 patent and pending

inter partes review of the same, and are generally known. *See Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 497 n.1 (Fed. Cir. 1997) (taking judicial notice of interference record); Fed. R. Evid. 201.

**Exhibits C, D, and E**:  Exhibits C, D, and E are press releases issued by Max Sound.  *See* Shanberg Decl., ¶¶ 5-7.  They are not subject to reasonable dispute since they were issued by Max Sound, and are generally known since they were published on the Internet.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1994) (taking judicial notice of documents essential to plaintiff's claims that were not explicitly incorporated into complaint on motion to dismiss); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (taking judicial notice of stock purchase agreement and offering memorandum attached to motion to dismiss because plaintiff's claims were predicated on those documents); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of press releases on motion to dismiss); Fed. R. Evid. 201. The Court may also consider the press releases due to Max Sound's assertions of mootness in the same.  *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 282-83 (2001) (dismissing writ of certiorari due to mootness based on letters sent to respondent during pendency of appeal); *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1218-19 (Fed. Cir. 2001) (dismissing appeal for mootness based on settlement agreement submitted to Court at its request).

**Exhibits H, I, and J**:  Exhibits H, I, and J are Defendants' motion for attorneys' fees, Max Sound's opposition brief, and Defendants' reply brief, respectively.  *See* Shanberg Decl., ¶¶ 8-10.  These documents are not subject to reasonable dispute since they were filed by Defendants and by Max Sound, and are generally known since they were filed with the district court.  *See Genentech, Inc. v. U.S. Int'l Trade Comm'n*, 122 F.3d 1409, 1417 n.7 (Fed. Cir. 1997) (taking judicial notice of district court records); *Nasatka v. Delta Sci. Corp.*, 58 F.3d 1578, 1581 (Fed. Cir. 1995) (taking into account motion for attorneys' fees); Fed. R. Evid. 201.

## B.    This Appeal Must Be Dismissed as Moot.

"If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed as moot." *Nasatka*, 58 F.3d at 1580 (citation omitted) (dismissing case as moot due to intervening event while on appeal).  "The test for mootness . . . is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation).'" *Id.* at 1580-81 (citation omitted).  The Court "examine[s] whether the decision of any disputed issue 'continues to be justified by a sufficient prospect that the decision will have an impact on the parties.'" *Id.* at 1581 (citation omitted).

Here, Max Sound seeks reversal of the district court's order granting Defendants' motion to dismiss for lack of standing to sue for infringement of the '339 patent. *See* Brief at 1, 51. But Max Sound and VLL now claim to be co-owners of the '339 patent and claim that VLL has agreed to join Max Sound in any infringement suits relating to the '339 patent. *See* Shanberg Decl., Ex. E at 2. By Max Sound's own admission, "this eliminates all issues with standing." *See id.* When challenged with this statement and a request to dismiss the now-moot appeal, Max Sound stated without support that the "appeal is not moot." *See* Shanberg Decl., Ex. G at 2. To the extent that Max Sound was referring to Defendants' pending motion for attorneys' fees before the district court (*see id.*; Shanberg Decl., Exs. H, I, J), this Court has held that such a consideration is irrelevant to the issue of mootness of the underlying legal question. *See Nasatka*, 58 F.3d at 1581.

Because Max Sound claims to have "eliminate[d] all issues with standing," "a decision by this court in favor of [Max Sound] could not afford [it] any relief more meaningful than that which [Max Sound] can obtain by simply refiling [its] complaint, as [it] is free to do given that it was dismissed without prejudice." *See Nasatka*, 58 F.3d at 1581; *Sys. Div., Inc. v. Teknek, LLC*, 298 Fed. App'x 950, 955 (Fed. Cir. 2008) (dismissing appeal as moot "because none of the remedies [appellant] requests grants him any effectual relief or makes any difference to his

legal interest"); Shanberg Decl., Ex. E at 2. If what Max Sound has publicly represented is true, then Max Sound "can have no legitimate fears of [its] complaint again being dismissed on that ground" and "is free to proceed with this suit without any relief from this court." *See Nasatka*, 58 F.3d at 1581. Because the relief Max Sound seeks on appeal "has no bearing on [Max Sound's] right to proceed with this litigation or on any sanction, it can make no difference to [its] legal interest." *See id.* Therefore, this appeal must be dismissed as moot.

### C.    Max Sound's Continued Pursuit of This Appeal Is Frivolous.

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. An appeal is frivolous when an appellant seeks to litigate a moot issue. *See Nasatka*, 58 F.3d at 1582 (granting fees and costs for continued pursuit of unnecessary appeal); *Sys. Div., Inc.*, 298 Fed. App'x at 956 (holding appellant and its counsel jointly and severally liable for fees and costs due to same).

Max Sound's appeal became moot when it entered into an agreement by which Max Sound and VLL appear to have become co-owners of the '339 patent and agreed to file infringement suits as co-plaintiffs. *See Nasatka*, 58 F.3d at 1582. Max Sound's "only proper course of action at that point was to voluntarily move for dismissal of this appeal and then refile [its] complaint in the district court." *See*

*id.* Max Sound refused to do so. *See* Shanberg Decl., Ex. G. Max Sound should be held to its public statements (*see* Shanberg Decl., ¶¶ 5-7, Exs. C, D, E), and Max Sound's continued pursuit of this appeal wastes scarce judicial resources, and imposes further unnecessary costs and fees on Defendants by seeking a ruling on an issue that has been mooted. *See Nataska*, 58 F.3d at 1582; *Sys. Div., Inc.*, 298 Fed. App'x at 957; *see also* Shanberg Decl., ¶¶ 8-10, Exs. H, I, J. Accordingly, Defendants request that their costs and fees for this appeal be assessed against Max Sound and its counsel as just damages under Rule 38.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court take judicial notice of the attached exhibits, dismiss this appeal, and grant Defendants' costs and fees.

## FEDERAL CIRCUIT RULE 27(a)(5) STATEMENT

Counsel for Defendants conferred via written correspondence with counsel for Max Sound regarding this motion. *See* Shanberg Decl., Ex. F. Counsel for Max Sound responded that it will not dismiss the appeal and took issue with Defendants' notice of intent to seek fees and costs. *See* Shanberg Decl., Ex. G. Defendants confirmed that Max Sound opposes this motion and will file a response.

Date:  December 27, 2016

Respectfully submitted,

By    /s/ *Stefani E. Shanberg*

      Stefani E. Shanberg

Attorneys for Defendants-Appellees
GOOGLE INC.; YOUTUBE, LLC; and
ON2 TECHNOLOGIES, INC.

## CERTIFICATE OF INTEREST

Counsel for the Defendants-Appellees certifies the following:

1.     The full name of every party represented by the undersigned counsel in this case is:  Google Inc.; YouTube, LLC; and On2 Technologies, Inc.

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:  N/A.

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me:  Alphabet Inc., a publicly held company (NASDAQ:   GOOG, GOOGL), has more than 10% ownership of Google Inc.   No publicly held company owns 10% or more of Alphabet Inc.'s stock.   YouTube, LLC and On2 Technologies, Inc. are wholly owned subsidiaries of Google Inc.

4.     The names of the law firms and the partners and associates that have appeared for Google Inc.; YouTube, LLC; and On2 Technologies, Inc. in the trial court or are expected to appear for Google Inc.; YouTube, LLC; and On2 Technologies, Inc. in this Court are:   Stefani E. Shanberg, Jennifer J. Schmidt, Robin L. Brewer, and Michael J. Guo of Wilson Sonsini Goodrich & Rosati and Heidi L. Keefe of Cooley LLP.

Date:  December 27, 2016                    Respectfully submitted,

                                           By    /s/ Stefani E. Shanberg
                                                 Stefani E. Shanberg

                                           Attorneys for Defendants-Appellees
                                           GOOGLE INC., YOUTUBE, LLC, and
                                           ON2 TECHNOLOGIES, INC.

No. 2016-1620

_____

# United States Court of Appeals
## FOR THE FEDERAL CIRCUIT

_____

MAX SOUND CORPORATION

Plaintiff-Appellant,

v.

GOOGLE INC.; YOUTUBE, LLC; and
ON2 TECHNOLOGIES, INC.

Defendants-Appellees,

VEDANTI SYSTEMS LIMITED,

Defendant.

_____

Appeal from the United States District Court for the
Northern District of California, Case No. 5:14-cv-04412-EJD

_____

## DECLARATION OF STEFANI E. SHANBERG IN SUPPORT OF
## APPELLEES' MOTION FOR JUDICIAL NOTICE,
## TO DISMISS, AND FOR SANCTIONS

_____

I, Stefani E. Shanberg, declare:

1.     I am over the age of eighteen years and have personal knowledge about the facts described below.

i

2.      I am a partner at the law firm of Wilson Sonsini Goodrich & Rosati, Professional Corporation, counsel for Defendants-Appellees Google Inc.; YouTube, LLC; and On2 Technologies, Inc.  I submit this declaration in support of Defendants' Motion for Judicial Notice, to Dismiss, and for Sanctions, filed concurrently herewith.

3.      Attached hereto as Exhibit A is a true and correct copy of a document entitled "Assignment of Rights," dated September 9, 2016, available at http://legacy-assignments.uspto.gov/assignments/assignment-pat-39932-831.pdf. It was recorded at the U.S. Patent and Trademark Office on October 4, 2016, by Robert M. Asher, counsel for Defendant Vedanti Systems Limited and Patent Owner Vedanti Licensing Limited.

4.      Attached hereto as Exhibit B is a true and correct copy of a document entitled "Patent Owner's Updated Mandatory Notice," dated August 11, 2016, filed in the inter partes review proceeding captioned *Google Inc. v. Vedanti Sys. Ltd.*, Case No. IPR 2016-00212 (P.T.A.B.).

5.      Attached hereto as Exhibit C is a true and correct copy of a press release entitled "Vedanti Systems Limited and Max Sound Corp. Sign Term Sheet to Enter a Strategic Partnership and Settle Their Ongoing Litigation," dated September 22, 2016, issued by Appellant Max Sound Corp., available at http://www.marketwired.com/printer_friendly?id=2160732.

6.    Attached hereto as Exhibit D is a true and correct copy of a press release entitled "Max Sound Corp. and Vedanti Systems Limited Enter a Strategic Partnership as Co-Owners of ODT Patents," dated November 29, 2016, issued by Appellant          Max          Sound          Corp.,          available          at http://www.marketwired.com/printer_friendly?id=2179213.

7.    Attached hereto as Exhibit E is a true and correct copy of a press release entitled "MAXD Update from CEO," dated December 12, 2016, issued by Appellant          Max          Sound          Corp.,          available          at http://www.marketwired.com/printer_friendly?id=2182561.

8.    Attached hereto as Exhibit F is a true and correct copy of a letter, dated December 13, 2016, from S. Shanberg to E. Buether requesting dismissal of the present appeal.

9.    Attached hereto as Exhibit G is a true and correct copy of a letter, dated December 15, 2016, from E. Buether to S. Shanberg responding to the above letter.

10.    Attached hereto as Exhibit H is a true and correct copy of Defendants' Motion for Attorneys' Fees, filed on March 1, 2016, in the case captioned *Max Sound Corp. v. Google Inc.*, Case No. 5:14-cv-04412-EJD (N.D. Cal.).

11.    Attached hereto as Exhibit I is a true and correct copy of Max Sound's Response in Opposition to Defendants' Motion for Attorneys' Fees, filed on May

23, 2016, in the case captioned *Max Sound Corp. v. Google Inc.*, Case No. 5:14-cv-04412-EJD (N.D. Cal.).

11.    Attached hereto as Exhibit J is a true and correct copy of Defendants' Reply in Support of Motion for Attorneys' Fees, filed on July 28, 2016, in the case captioned *Max Sound Corp. v. Google Inc.*, Case No. 5:14-cv-04412-EJD (N.D. Cal.).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of December 2016, at San Francisco, California.


By   */s/ Stefani E. Shanberg*
        Stefani E. Shanberg

## PROOF OF SERVICE

I hereby certify that counsel for Plaintiff-Appellant Max Sound Corporation has been served with a true and correct copy of the above and foregoing document via the Court's CM/ECF system on December 27, 2016.  A list of those so served appears below.

Eric William Buether (eric.buether@bjciplaw.com)
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, Texas  75201
Telephone:   (214) 466-1272
Facsimile:    (214) 635-1829

*Counsel for Plaintiff-Appellant*
*MAX SOUND CORPORATION*

 /s/ Stefani E. Shanberg 
Stefani E. Shanberg